**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| MARK KING, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | Cv. No. 2:12-cv-02016-STA-dkv |
| v. | ) | Cr. No. 2:09-cr-20003-BBD |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**ORDER DENYING MOTION PURSUANT TO 28 U.S.C. § 2255,
DENYING CERTIFICATE OF APPEALABILITY
CERTIFYING APPEAL WOULD NOT BE TAKEN IN GOOD FAITH
AND
DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

Before the Court is the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct

Sentence by a Person in Federal Custody ("Amended § 2255 Motion") filed by Movant, Mark

King, Bureau of Prisons register number 22704-076, an inmate at the Federal Correctional

Institution Medium in Forrest City, Arkansas (§ 2255 Mot., *King v. United States,* No. 2:12-cv-

02016-STA-dkv (W.D. Tenn.), ECF No. 1) and King's proposed second amendment to his §

2255 Motion ("Second Amended § 2255 Motion") (2d Am. § 2255 Mot., *id.,* ECF No. 27). For

the reasons stated below, the Court DENIES leave to amend and DENIES Movant's § 2255

Motion.

**I.        BACKGROUND**

**A.        Case Number 09-20003**

On January 20, 2009, a federal grand jury returned a single-count indictment charging

King, a convicted felon, with possessing a Cobra .380 caliber revolver on or about May 31,

2008, in violation of 18 U.S.C. § 922(g). (Indictment, *United States v. King,* No. 2:09-cr-20003-BBD (W.D. Tenn.), ECF No. 1.) The factual basis for the charge is stated in the presentence report ("PSR"):

> 5. At approximately 5:50 p.m. on May 31, 2008, members of the Organized Crime Unit of the Memphis Police Department executed a search warrant at **Mark King's** residence, located at 1541 Maplewood in Memphis, Tennessee. As the detectives arrived, they observed **Mark King** pull up to the residence with his girlfriend, Tekita Humphrey. He was detained as he exited his vehicle.

> 6. The detectives forced entry into the residence and encountered an attacking pit bull, which they had to shoot. The search of the residence revealed the following items:

> - one 12-gauge shotgun shell in a closet
> - three 12-gauge shotgun shells in the dresser in the bedroom
> - five .38 caliber rounds in the dresser
> - a Cobra .380 caliber handgun, loaded with eight rounds, under the dresser
> - mail addressed to **King** at 1541 Maplewood

> 7. A check revealed that **King** is a convicted felon. He declined to cooperate during an interview with detectives. Humphrey was interviewed by detectives on May 31, 2008 and advised that she had no knowledge of the handgun.

> 8. **King's** firearm is described as a Cobra, model CA-380, .380 caliber pistol, serial number CP011371. According to a special agent with the Bureau of Alcohol, Tobacco, Firearms, or [sic] Ammunition [sic], this firearm was not manufactured in Tennessee; therefore, it if was received and/or possessed in the State of Tennessee, it traveled in or affected interstate and/or foreign commerce.

(PSR ¶¶ 5-8.)

Pursuant to a written Plea Agreement, King appeared before then-United States District Judge Bernice B. Donald on June 29, 2009, to plead guilty to the sole count of the Indictment. (Min. Entry, *United States v. King,* No. 2:09-cr-20003-BBD (W.D. Tenn.), ECF No. 29; Plea Agreement, *id.*, ECF No. 30 (sealed); Change of Plea Hr'g Tr., *id.*, ECF No. 48.) At a hearing

on February 22, 2010, Judge Donald sentenced King as an armed career criminal to a term of imprisonment of one hundred eighty months, to be followed by a three-year period of supervised release. (Min. Entry, *id.*, ECF No. 45; Sentencing Hr'g Tr., *id.*, ECF No. 49.)[1] Judgment was entered on February 23, 2010. (J. in a Criminal Case, *United States v. King,* No. 2:09-cr-20003-BBD (W.D. Tenn.), ECF No. 46.) King did not take a direct appeal, having waived the right to do so.

**B.    Case Number 12-2016**

On January 10, 2012, King filed a *pro se* Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 Motion"), accompanied by a legal memorandum. (§ 2255 Mot., *King v. United States,* No. 2:12-cv-02016-STA-dkv (W.D. Tenn.), ECF No. 1; Mem. of Law in Supp. of § 2255 Mot., *id.*, ECF No. 1-1.) The issues presented in King's § 2255 Motion are as follows:

1.    "Ineffective Assistance of Counsel" (§ 2255 Mot. at PageID 4; *id.*, ECF No. 1; *see also* Mem. of Law in Supp. of § 2255 Mot. at 2-3, *id.*, ECF No. 1-1);

---

[1] The 2008 edition of the *Guidelines Manual* was used to calculate King's sentence. (PSR ¶ 13.) Pursuant to § 2K2.1(a)(2) of the United States Sentencing Guidelines ("U.S.S.G."), the base offense level for unlawful possession of a firearm is 24 if the defendant committed any part of the instant offense subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense. King received a three-level reduction for acceptance of responsibility, U.S.S.G. § 3E1.1, resulting in a total offense level of 21. Given his criminal history category of VI, the guideline sentencing range ordinarily would have been 77-96 months.

However, because of two 1989 Tennessee convictions for Burglary Second (PSR ¶¶ 30 & 32), a 1993 Tennessee conviction for Criminal Attempt: Arson (*id.* ¶ 37), and a 2002 Tennessee conviction for Burglary of a Building (*id.* ¶ 58), King was sentenced as an armed career criminal pursuant to the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), and U.S.S.G. § 4B1.4. Pursuant to U.S.S.G. § 4B1.4(b)(3)(B), the offense level was 33 and, after the reduction for acceptance of responsibility, the total offense level was 30. The guideline sentencing range was 168-210 months. King was also subject to a mandatory minimum sentence of 15 years, or 180 months, pursuant to 18 U.S.C. § 924(e)(1).

2.      "Actual Innocence" (§ 2255 Mot. at PageID 5, *id.*, ECF No. 1; *see* also

        Mem. of Law in Supp. of § 2255 Mot. at 3, *id.*, ECF No. 1-1);

3.      "Plea" (§ 2255 Mot. at PageID 7, *id.*, ECF No. 1; *see also* Mem. of Law in

        Supp. of § 2255 Mot. at 3-4); and

4.      "Search in Violation of United States Constitution" (§ 2255 Mot. at

        PageID 8, *id.*, ECF No. 1).

On August 6, 2012, King filed another Memorandum of Law in Support of Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody Pursuant to 28 U.S.C. § 2255, which added several additional issues.  (2d Mem. of Law in Supp. of § 2255 Mot., *id.*, ECF No. 4.)  In an order issued on June 21, 2013, the Court granted leave to amend and directed the Government to respond to the § 2255 Motion, as amended.  (Order, *id.*, ECF No. 6.)

After the Order to respond had issued, King filed several proposed amendments to his § 2255 Motion.  On July 31, 2013, King filed a document, titled "Pursuant to 28 U.S.C. § 2255 to Vacate, or Set Aside the Sentence, Petitioner 'Supplements' His Motion Seeking Judicial Review of Whether Penalty Enhancement Provision § 924(e) was Unconstitutionally Applied in Light of Recent Supreme Court Decision(s) Announced in Alleyne v. United States, (U.S., 2013); and Descamps v. United States (U.S., 2013)."  (1st Suppl. to § 2255 Mot., *id.*, ECF No. 9.)  On August 26, 2013, King filed a Motion to Supplement § 2255.  (2d Suppl. to § 2255 Mot., *id.*, ECF No. 11.)

In an order issued on November 7, 2013, the Court denied King's motions to supplement without prejudice to his right to file an amended § 2255 motion on the official form.  (Order, *id.*, ECF No. 15.)  The order included the following instructions to Movant:

        Any amended § 2255 motion is due thirty (30) days from the date of entry
of this order and must incorporate every issue Movant seeks to present in this

action. The form must be completely filled out and must be signed by Movant under penalty of perjury. Movant need not resubmit the issues presented in the original § 2255 motion and, instead, can supplement that filing with the issues presented in the filings made on August 6, 2012; July 31, 2013; and August 26, 2013. If Movant needs additional time to file an amended motion, he may file a motion seeking an extension of time on or before the due date for his amendment. Should Movant fail to file an amended motion within the time specified, the Court will proceed on the issues presented in the original § 2255 motion (ECF No. 1).

(*Id.* at 3.)[2] King was also instructed "to file a copy of any written proof that the Clerk's office rejected his timely § 2255 motion." (Order at 4, *King v. United States,* No. 2:12-cv-02016-STA-dkv (W.D. Tenn.), ECF No. 15.) The Government's obligation to respond to the § 2255 Motion was stayed until after King complied with the Court's order and the Court notified the Government that the running of its time to respond had resumed. (*Id.*)

On November 6, 2013, King filed a motion, titled "Petitioner Move that an Order Issue Granting Evidentiary Hearing to Correct the Illegal and Unconstitutional Sentence Imposed in Violation of Penalty Enhancement 18 U.S.C. § 924(e)." (Mot. for an Evidentiary Hr'g, *id.,* ECF No. 14.) On January 3, 2014, Movant filed his "Motion to Supplement His Current Pending § 2255 and Amend His Application to Vacate, Set Aside, His Sentence" and attached amendment on the official form. (Mot. for Leave to Supp., *id.*, ECF No. 18; Am. § 2255 Mot., *id.*, ECF No. 18-1.) The official form did not present any new issues but, instead, referred to the Motion to Supplement. On April 9, 2014, Movant filed an "Application to Amend and Supplement Pending Motion." (Appl. to Amend & Suppl. Pending Mot., *id.*, ECF No. 20.) On May 21, 2014, King filed "Petitioner(s) Motion to Amend and Supplement His § 2255 Pursuant to Recent

---

[2] Although the Court had originally granted leave to amend as to King's August 6, 2012 filing (*see* Order at 1, *King v. United States,* No. 2:12-cv-02016-STA-dkv (W.D. Tenn.), ECF No. 6), after King submitted multiple amendments the Court reconsidered that decision and instructed King to file an amended motion on the official form that included every proposed amended submitted after the original § 2255 Motion.

Decision United States v. Barbour, No. 13-5653 (6th Cir. 2014)." (2d Mot. to Amend & Suppl. Pending Mot., *id.,* ECF No. 21.)

In an order issued on June 9, 2014, the Court denied the motion for an evidentiary hearing and denied the various motions to amend and supplement because King had not complied with the order to file his proposed amendments on the official form. (Order, *id.*, ECF No. 22.) The Order also lifted the stay on the Government's obligation to respond to the original § 2255 Motion and instructed the Government to file its response within twenty-three days. (*Id.* at 6.) The Order specified that "[t]he response should address the timeliness of Movant's § 2255 Motion" and that "[t]he only substantive claim that requires a response is Claim 3, that trial counsel coerced Movant to plead guilty." (*Id.*) Finally, the Order gave Movant a last opportunity to submit any amendment on the official form. (*Id.* at 7.) The deadline for any amendment was thirty days from the date of entry of the Order. (*Id.*)

On June 25, 2014, the Government filed the Response of the United States to Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 ("Answer"). (Answer, *King v. United States,* No. 2:12-cv-02016-STA-dkv (W.D. Tenn.), ECF No. 23.) King filed his Reply, which was titled "Petitioner's Motion for Traverse," on July 29, 2014. (Reply, *id.*, ECF No. 26.)

Also on July 29, 2014, King filed another amended § 2255 motion on the official form ("Second Amended § 2255 Motion"), accompanied by a legal memorandum. (2d Am. § 2255 Mot., *id.*, ECF No. 27; Mem. of Law in Supp. of 2d Am. § 2255 Mot., *id.*, ECF No. 27-1.) The Court declines to consider the Second Amended § 2255 Motion. The Motion is late, having been signed on July 24, 2014, well more than thirty days after the entry of the Court's Order on June

9, 2014.[3]  The Second Amended § 2255 Motion also does not comply with the Court's Order, which specified that the new issues must be presented on the official form.  Just like his previous amendment, the Second Amended § 2255 Motion does not list the new issues on the official form but, instead, refers to an attached memorandum.  (*See* 2d Am. § 2255 Mot. at PageID 138, 139, 141, 142, *id.,* ECF No. 27.)  The supporting memorandum does not itemize the new issues but, instead, discusses in general terms why King was not properly sentenced under the ACCA.  (*See* Mem. in Supp. of 2d Am. § 2255 Mot., *id.*, ECF No. 27-1.)  The legal memorandum does not rely on the new decisions cited in the proposed amendments that had previously been filed and, instead, relies on judicial decisions that were available when King was sentenced and when he filed his original § 2255 Motion. [4]  Therefore, the only issues to be considered are those in the original § 2255 Motion.

## II.        THE LEGAL STANDARD

Pursuant to 28 U.S.C. § 2255(a),

[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

"A prisoner seeking relief under 28 U.S.C. § 2255 must allege either (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid."  *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (internal quotation marks omitted).

---

[3] King filed a motion seeking leave to file a reply, which was granted.  (Pet'r's Mot. for Extension of Time, *id.*, ECF No. 24; Order, *id.*, ECF No. 25.)  King did not seek an extension of time to file his amendments.

[4] As discussed below, the Second Amended § 2255 Motion is also time barred.

A § 2255 motion is not a substitute for a direct appeal. *See Ray v. United States*, 721 F.3d 758, 761 (6th Cir. 2013). "[N]onconstitutional claims that could have been raised on appeal, but were not, may not be asserted in collateral proceedings." *Stone v. Powell*, 428 U.S. 465, 477 n.10 (1976). "Defendants must assert their claims in the ordinary course of trial and direct appeal." *Grant v. United States*, 72 F.3d 503, 506 (6th Cir. 1996). This rule is not absolute:

> If claims have been forfeited by virtue of ineffective assistance of counsel, then relief under § 2255 would be available subject to the standard of *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). In those rare instances where the defaulted claim is of an error not ordinarily cognizable or constitutional error, but the error is committed in a context that is so positively outrageous as to indicate a "complete miscarriage of justice," it seems to us that what is really being asserted is a violation of due process.

*Id.*

Even constitutional claims that could have been raised on direct appeal, but were not, will be barred by procedural default unless the defendant demonstrates cause and prejudice sufficient to excuse his failure to raise these issues previously. *El-Nobani v. United States*, 287 F.3d 417, 420 (6th Cir. 2002) (withdrawal of guilty plea); *Peveler v. United States*, 269 F.3d 693, 698-99 (6th Cir. 2001) (new Supreme Court decision issued during pendency of direct appeal); *Phillip v. United States*, 229 F.3d 550, 552 (6th Cir. 2000) (trial errors). Alternatively, a defendant may obtain review of a procedurally defaulted claim by demonstrating that he is "actually innocent." *Bousley v. United States*, 523 U.S. 614, 622 (1998).

After a § 2255 motion is filed, it is reviewed by the Court and, "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts ("§ 2255 Rules"). "If the motion is not

dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order." *Id.* The movant is entitled to reply to the Government's response. Rule 5(d), § 2255 Rules. The Court may also direct the parties to provide additional information relating to the motion. Rule 7, § 2255 Rules.

"In reviewing a § 2255 motion in which a factual dispute arises, the habeas court must hold an evidentiary hearing to determine the truth of the petitioner's claims." *Valentine v. United States,* 488 F.3d 325, 333 (6th Cir. 2007) (internal quotation marks omitted). "[N]o hearing is required if the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Id.* (internal quotation marks omitted). Movant has the burden of proving that he is entitled to relief by a preponderance of the evidence. *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006).

III.     **THE STATUTE OF LIMITATIONS**

In its Answer, the Government states that the § 2255 Motion is untimely. (Answer at 3, *King v. United States,* No. 2:12-cv-02016-STA-dkv (W.D. Tenn.), ECF No. 23.) Twenty-eight U.S.C. § 2255(f) provides:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—

(1)     the date on which the judgment of conviction becomes final;

(2)     the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3)     the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the

Supreme Court and made retroactively applicable to cases on collateral review; or

(4)     the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

"[F]or purposes of collateral attack, a conviction becomes final at the conclusion of direct review." *Johnson v. United States*, 246 F.3d 655, 657 (6th Cir. 2001). Where, as here, a prisoner does not take a direct appeal, "an unappealed district court judgment of conviction becomes 'final' [fourteen] days after the entry of judgment, at least where the defendant has not actually sought an extension of appeal time for good cause or excusable neglect." *Sanchez-Castellano v. United States*, 358 F.3d 424, 426 (6th Cir. 2004) (footnote omitted); *see also Benitez v. United States*, 521 F.3d 625, 629-30, 636 (6th Cir. 2008) (applying *Sanchez-Castellano* and holding that § 2255 motion filed two days late was untimely unless movant was entitled to equitable tolling).

In this case, judgment was entered on February 23, 2010. King did not take a direct appeal, so his conviction became final fourteen days later, on March 9, 2010, the last day for filing a notice of appeal. The § 2255 Motion was signed on January 5, 2012 (*see* § 2255 Mot. at PageID 13, *King v. United States,* No. 2:12-cv-02016-STA-dkv (W.D. Tenn.), ECF No. 1), almost ten months after the expiration of the limitations period. The § 2255 Motion is, therefore, facially time barred.[5]

In the section of the § 2255 Motion addressing the statute of limitations, King states that he submitted a timely § 2255 motion that was returned by the Clerk. (*Id.* at PageID 12.) King has not explicitly argued that the Clerk's action falls within § 2255(f)(2). The Court is unable to

_____

[5] King's Second Amended § 2255 Motion, which was filed on July 29, 2014 and which asserts a sentencing claim that was available to him when he filed his original § 2255 Motion, is also untimely.

conclude, on the present record, that the Clerk's action prevented King from filing a timely § 2255 motion. King has submitted a copy of part of an envelope addressed to the Clerk that was marked "[r]efused" and "return to sender." (§ 2255 Mot. Ex. A, *King v. United States,* No. 2:12-cv-02016-STA-dkv (W.D. Tenn.), ECF No. 1-1 at PageID 20.) A note instructs King to "[c]ontact the office through your attorney." (*Id.*) The postmark is not legible, making it impossible for the Court to verify that the mailing was sent on or before the due date for a timely § 2255 motion. King also has not filed an affidavit specifying the date of mailing and the contents of the envelope. It is clear that King did not resubmit the contents of that rejected envelope because the § 2255 Motion and supporting memorandum were signed on January 5, 2012. (*See* § 2255 Mot. at PageID 13, *King v. United States,* No. 2:12-cv-02016-STA-dkv (W.D. Tenn.), ECF No. 1; Mem. of Law in Supp. of § 2255 Mot. at 5, *id.*, ECF No. 1-1.) King has, therefore, failed to come forward with colorable evidence that would permit the Court to conclude that the running of the § 2255 limitations period commenced at any time later than the date on which King's conviction became final.[6] King's § 2255 Motion is, therefore, untimely.

"The doctrine of equitable tolling allows federal courts to toll a statute of limitations when a litigant's failure to meet a legally mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010) (internal quotation marks and citation omitted). The § 2255 limitations period is subject to equitable tolling. *Benitez v. United States*, 521 F.3d 625, 630 (6th Cir. 2008); *Dunlap v. United*

---

[6] As previously noted, *see supra* p. 5, the November 7, 2013 order directed King "to file a copy of any written proof that the Clerk's office rejected his timely § 2255 motion." (Order at 4, *id.*, ECF No. 15.) King did not comply with that order. The June 9, 2014 order noted that a copy of the mailing envelope had been made an exhibit to the § 2255 Motion but that "no authenticating affidavit was provided and the postmark date on the envelope is not visible." (Order at 6 n.2, *id.*, ECF No. 22.) Despite the Court's clear statement about the inadequacy of the evidence submitted by King, his Reply does not address his contention that the Clerk had rejected his timely § 2255 motion.

*States*, 250 F.3d 1001, 1004-05 (6th Cir. 2001) (2001); *see also Holland v. Florida*, 560 U.S. 631, 645 (2010) (equitable tolling is available for § 2254 petitions). "[T]he doctrine of equitable tolling is used sparingly by the federal courts." *Robertson*, 624 F.3d at 784; *see also Vroman v. Brigano*, 346 F.3d 598, 604 (6th Cir. 2003) (same); *Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003) (same). "The party seeking equitable tolling bears the burden of proving he is entitled to it." *Robertson*, 624 F.3d at 784. A habeas petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

King has not explicitly argued that he is entitled to equitable tolling. In the section of the § 2255 Motion that addresses the timelineness of the filing, King wrote that,

> [t]hrew [sic] ineffective assistance of counsel, trial counsel for his failure to withdraw from the trial case, when I filed my timely 2255 it was refused by the Clerk, I was appointed Criminal Justice counsel and was not allowed to file my timely application!

(§ 2255 Mot. at PageID 12, *King v. United States,* No. 2:12-cv-02016-STA-dkv (W.D. Tenn.), ECF No. 1.) As previously noted, King has not established that some extraordinary circumstances stood in his way and prevented him from filing a timely § 2255 motion. *See supra* pp. 10-11.

King also has failed to demonstrate that he has been pursuing his rights diligently. "The statute of limitations should be equitably tolled until the earliest date on which the petitioner, acting with reasonable diligence, should have filed his petition." *Kendrick v. Rapelje,* 504 F. App'x 485, 487 (6th Cir. 2012); *see also Holland,* 560 U.S. at 653 ("The diligence required for equitable tolling purposes is 'reasonable diligence,' not 'maximum feasible diligence.'") (citation and additional internal quotation marks omitted). In this case, the Clerk rejected King's

mailing no later than March 9, 2011, the last day of the § 2255 limitations period. King has not explained what steps he took after the return of his mailing, why he created new documents to submit to the Court, and why he waited almost ten months to mail them to the Court. Therefore, King has failed to persuade the Court that he was sufficiently diligent to entitle him to equitable tolling. *See McDonald v. Warden, Lebanon Corr. Inst.,* 482 F. App'x 22, 31 (6th Cir. 2012); *Greene v. Lafler,* 457 F. App'x 485, 487 (6th Cir. 2012) (five-month delay). Therefore, King is not entitled to equitable tolling.

In Claim 3, King argues that he is actually innocent. (§ 2255 Mot. at PageID 5, *King v. United States,* No. 2:12-cv-02016-STA-dkv (W.D. Tenn.), ECF No. 1; Mem. in Supp. of § 2255 Mot. at 3, *id.*, ECF No. 1-1.) A credible showing of actual innocence works to "overcome" the statute of limitations rather than simply to excuse late filing. *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1930–31 (2013); *cf. Souter v. Jones*, 395 F.3d 577, 588-90, 597-601 (6th Cir. 2005) (a credible claim of actual innocence can equitably toll the statute of limitations). The § 2255 Motion provides no factual support for King's assertion that he is actually innocent. King pled guilty to being a felon in possession of a firearm. A guilty plea is an admission by a criminal defendant that he is guilty of the offense. *See Brady v. United States,* 397 U.S. 742, 748 (1970).

King also explicitly admitted his guilt. The Plea Agreement provides that "MARK KING agrees that he is pleading guilty because he is in fact guilty of the offenses charged in COUNT ONE of the indictment." (Plea Agreement at 1, *United States v. King,* No. 2:09-cr-20003-BBD (W.D. Tenn.), ECF No. 30 (sealed).) At the change of plea hearing, King agreed that the Government's recitation of the facts it would have been prepared to prove at trial was accurate (Change of Plea Hr'g Tr. 18-20, *id.*, ECF No. 48) and that he was pleading guilty because he was guilty (*id.* at 21). King also provided the probation officer with a signed statement admitting his

guilt. (PSR ¶ 12.) King has not come forward with sufficient evidence of his actual innocence to overcome the statute of limitations.

King's Reply suggests that he claims only to be actually innocent of being an armed career criminal. (*See* Reply at 1-2, *King v. United States,* No. 2:12-cv-02016-STA-dkv (W.D. Tenn.), ECF No. 26.) Courts have not recognized actual innocence as a basis for challenging non-capital sentences. *See Dretke v. Haley*, 541 U.S. 386, 388-89 (2004) (declining to decide whether a procedural default can be excused by a defendant asserting his "actual innocence" of a non-capital sentence); *Gibbs v. United States*, 655 F.3d 473, 477-78 (6th Cir. 2011) (collecting cases but declining to address the scope of the doctrine); *Breeze v. United States*, No. 2:03-CR-06, 2:11-CV-337, 2013 WL 268890, at *9-10 (E.D. Tenn. Jan. 24, 2013) (rejecting claim that federal prisoner was actually innocent of the enhanced penalties in 21 U.S.C. § 841(b)(1)(A)).

For all the foregoing reasons, the Court DISMISSES the § 2255 Motion as time barred.

## IV.     THE MERITS OF MOVANT'S CLAIMS

### A.     Ineffective Assistance of Counsel (Claim 1)

In Claim 1, King argues that his attorney rendered ineffective assistance, in violation of the Sixth Amendment. (§ 2255 Mot. at PageID 4, *King v. United States,* No. 2:12-cv-02016-STA-dkv (W.D. Tenn.), ECF No. 1; Mem. in Supp. of § 2255 Mot. at 2-3, *id.*, ECF No. 1-1.) Specifically, King complains that his attorney "failed to interview the witness and prepare for trial," "failed to request a finger print testing on the weapon," and "had the petitioner enter into a guilty plea, in which he is actually innocent . . . ." (Mem. in Supp. of § 2255 Mot. at 2, *id.*, ECF No. 1-1.)

A claim that ineffective assistance of counsel has deprived a movant of his Sixth Amendment right to counsel is controlled by the standards stated in *Strickland v. Washington*,

466 U.S. 668 (1984). To demonstrate deficient performance by counsel, a petitioner must demonstrate that "counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. "A court considering a claim of ineffective assistance must apply a strong presumption that counsel's representation was within the wide range of reasonable professional assistance. The challenger's burden is to show that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Harrington v. Richter,* 562 U.S. 86, 104 (2011) (internal quotation marks and citations omitted).

To demonstrate prejudice, a prisoner must establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.[7] "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* "It is not enough to show that the errors had some conceivable effect on the outcome of the proceeding. Counsel's errors must be so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Richter*, 562 U.S. at 104 (internal quotation marks and citations omitted); *see also id.* at 112 ("In assessing prejudice under *Strickland*, the question is not whether a court can be certain counsel's performance had no effect on the outcome or whether it is possible a reasonable doubt might have been established if counsel acted differently. . . . The likelihood of a different result must be substantial, not just conceivable.") (citations omitted); *Wong v. Belmontes*, 558 U.S. 15, 27 (2009) (per curiam) ("But *Strickland* does not require the State to rule out [a more favorable outcome] to prevail. Rather, *Strickland* places the burden on the defendant, not the State, to show a 'reasonable probability' that the result would have been different.").

---

[7] "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant." *Id.* at 697. If a reviewing court finds a lack of prejudice, it need not determine whether, in fact, counsel's performance was deficient. *Id.*

The two-part test stated in *Strickland v. Washington* applies to challenges to guilty pleas based on the ineffective assistance of counsel. *Hill v. Lockhart*, 474 U.S. 52, 57-58 (1985). "Where, as here, a defendant is represented by counsel during the plea process and enters his plea upon the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." *Id.* at 56 (internal quotation marks and citations omitted). "[T]o satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* at 59; *see also Padilla v. Kentucky*, 559 U.S. 356, 372 (2010) ("[T]o obtain relief on this type of claim, a [prisoner] must convince the court that a decision to reject the plea bargain would have been rational under the circumstances.").[8]

King has not provided an adequate factual basis for Claim 1. The § 2255 Rules require that a motion under 28 U.S.C. § 2255 must "specify all the grounds for relief available to the moving party" and "state the facts supporting each ground." Rule 2(b)(1)-(2), § 2255 Rules.

---

[8] The Supreme Court emphasized that,

> [i]n many guilty plea cases, the "prejudice" inquiry will closely resemble the inquiry engaged in by courts reviewing ineffective assistance challenges to convictions obtained through a trial. For example, where the alleged error of counsel is a failure to investigate or discover potentially exculpatory evidence, the determination whether the error "prejudiced" the defendant by causing him to plead guilty rather than going to trial will depend on the likelihood that discovery of the evidence would have led counsel to change his recommendation as to the plea. This assessment, in turn, will depend in large part on a prediction whether the evidence likely would have changed the outcome of a trial. Similarly, where the alleged error of counsel is a failure to advise the defendant of a potential affirmative defense to the crime charged, the resolution of the "prejudice" inquiry will depend largely on whether the affirmative defense likely would have succeeded at trial.

*Hill*, 474 U.S. at 59.

> To warrant plenary presentation of evidence, the application must contain assertions of fact that a petitioner is in a position to establish by competent evidence. Whether there is a genuine issue of material fact depends upon the sufficiency of those factual allegations. Airy generalities, conclusory assertions and hearsay statements will not suffice because none of these would be admissible evidence at a hearing.

*United States v. Aiello*, 814 F.2d 109, 113-14 (2d Cir. 1987) (citations omitted); *accord Blackledge v. Allison*, 431 U.S. 63, 75-76 (1977) (noting that more than notice pleading is required in habeas petitions); *Taylor v. United States*, 287 F.3d 658, 661 (7th Cir. 2002) (noting that, while notice pleading is the standard in ordinary civil litigation, "Rule 2(b) departs from Rule 8 [of the Federal Rules of Civil Procedure] by requiring some fact pleading"); *Short v. United States*, 504 F.2d 63, 65 (6th Cir. 1974) ("There is here no substantial allegation or new dispute of fact that would entitle appellant to a full evidentiary hearing, as petitioner's claims are stated in the form of conclusions without any allegations of facts in support thereof, as well as being unsupported by proof or reference to such proof; and his motion is, thus, legally insufficient to sustain a review."); *Kidd v. United States*, Nos. 1:12-cv-358/1:10-cr-114, 2013 WL 6795977, at *1, *10 (E.D. Tenn. Dec. 20, 2013) (dismissing § 2255 motion *sua sponte* for failure to comply with Rule 2(b)); *United States v. Domenech*, No. 1:06-cr-245-2, 2013 WL 3834366, at *2 (W.D. Mich. July 24, 2013) (dismissing § 2255 motion where defendant did not file a memorandum stating the basis for his ineffective assistance claim); *United States v. Kerr*, Nos. 95-80972, 03-72148, 2005 WL 1640343, at *2 (E.D. Mich. July 8, 2005) (dismissing § 2255 motion for failure to comply with Rule 2(b)).

King's presentation of Claim 1 is entirely conclusory. He fails to identify the witness he claims his attorney should have interviewed and failed to state what that witness would have said. King also has failed to specify the defense his attorney should have pursued had the case

gone to trial.  The § 2255 Motion provides no factual details for the allegation that counsel recommended that King plead guilty despite his innocence.

The firearm at issue was discovered in the bedroom when police searched King's home pursuant to a warrant.  King's girlfriend, Tekita Humphrey, denied that the weapon was hers. (PSR ¶¶ 5-7.)  Regardless of the presence or absence of fingerprints on the weapon, King has not presented any valid defense he contends his attorney should have pursued at trial.  The § 2255 Motion also does not describe how defense counsel coerced King to plead guilty.

A guilty plea was in King's best interest because the evidence against him was strong. King was an armed career criminal and, therefore, subject to a minimum sentence of fifteen years, or 180 months.  The restricted guideline sentencing range was from one hundred eight to two hundred ten months.  *See supra* p. 3 n.1.  However, the Plea Agreement contained the following concession by the United States:

> It is the belief of the parties that MARK KING may qualify as an Armed Career Criminal under Title 18, United States Code, Section 924(e).  If the Court determines that he does qualify as an Armed Career Criminal, pursuant to Fed. R. Crim. P. 11(c)(1)(C), the United States agrees to recommend that the Court impose a term of one hundred eighty (180) months imprisonment.  MARK KING agrees that a one hundred eighty (180) months sentence is an appropriate and reasonable sentence in light of the facts of this case and the concessions made by the United States in this plea agreement.

(Plea Agreement at 3, *United States v. King,* No. 2:09-cr-20003-BBD (W.D. Tenn.), ECF No. 30 (sealed).)  Had King been convicted after a trial, he would not have received the three-point reduction for acceptance of responsibility.  In that case, his offense level would have been 33, and his sentencing range would have been from 235-293 months.  There is a substantial likelihood that, by pleading guilty, King received less time that he would have had he gone to trial.

Because King has failed to show deficient performance or prejudice, Claim 1 is without merit and is DISMISSED.

## B. Actual Innocence (Claim 2)

In Claim 2, King asserts, without elaboration, that he is actually and factually innocent. (§ 2255 Mot. at PageID 5, *King v. United States,* No. 2:12-cv-02016-STA-dkv (W.D. Tenn.), ECF No. 1.) King's supporting memorandum also provides no factual support for his claim of actual innocence. (*See* Mem. in Supp. of § 2255 Mot. at 3, *id.*, ECF No. 1-1.)

The Supreme Court has not recognized freestanding actual innocence claims in non-capital cases. *See Hodgson v. Warren*, 622 F.3d 591, 601 (6th Cir. 2010) (explaining that freestanding actual innocence claims may be raised only in capital cases); *Wright v. Stegall*, 247 F. App'x 709, 711-12 (6th Cir. 2007); *Cress v. Palmer*, 484 F.3d 844, 854-55 (6th Cir. 2007). Because this is not a capital case, King cannot raise a freestanding claim of actual innocence.

As previously noted, *see supra* p. 13, King has not adequately alleged that he is actually innocent of violating 18 U.S.C. § 922(g). Although he suggests in his Reply that he is actually innocent of being an armed career criminal (Reply at 1-2, *King v. United States,* No. 2:12-cv-02016-STA-dkv (W.D. Tenn.), that argument does not appear in the § 2255 Motion or the supporting memorandum. At the sentencing hearing, Judge Donald sustained defense counsel's objection to use of a conviction for reckless aggravated assault conviction as a predicate offense. (Sentencing Hr'g Tr. 14-17, *United States v. King,* No. 2:09-cr-20003-BBD (W.D. Tenn.), ECF No. 14.) Defense counsel explained why he did not have a viable challenge to the four remaining convictions. (*Id.* at 14-15.) King makes no argument that his attorney could have prevented his sentencing under the ACCA.

Claim 2 is without merit and is DISMISSED.

### C. The Allegedly Involuntary Guilty Plea (Claim 3)

In Claim 3, titled "Plea," King alleged that "I only plead guilty threw [sic] advice of my counsel who was ineffective assistance of counsel!" (§ 2255 Mot. at PageID 7, *King v. United States,* No. 2:12-cv-02016-STA-dkv (W.D. Tenn.) (irregular capitalization omitted), ECF No. 1.) In his legal memorandum, King claims that, "[t]hrew [sic] ineffective assistance of counsel, trial counsel use of coercion made the petitioner plea [sic] guilty to a crime he is actually innocent." (Mem. of Law in Supp. of § 2255 Mot. at 3, *id.,* ECF No. 1-1.)

King's statement that his attorney coerced him to plead guilty is devoid of detail and is contradicted by the guilty plea transcript. At the change of plea hearing, King stated that he was satisfied with the performance of his attorney, David M. Bell. (Change of Plea Hr'g Tr. 7-8, *United States v. King,* No. 2:09-cr-20003-BBD (W.D. Tenn.), ECF No. 48.) King also testified as follows:

> Q. Has anyone promised you anything other than what's contained in this written plea agreement?
>
> A. No, ma'am.
>
> Q. Did you read the plea agreement for yourself?
>
> A. Yes, ma'am.
>
> Q. Did you discuss it with Mr. Bell?
>
> A. Yes, ma'am.
>
> Q. If you had questions, did Mr. Bell answer those questions for you?
>
> A. Yes, ma'am.
>
> Q. After considering all of your legal options, including the option of going to trial, did you enter into this plea agreement of your own free will?
>
> A. Yes, ma'am.

(*Id.* at 14-15.) King testified that the decision to plead guilty was voluntary:

> Q. Has anyone made any threats against you or your family to cause you to plead guilty?
>
> A. No, ma'am.
>
> Q. Has anyone promised you money or anything of value in exchange for your plea?
>
> A. No, ma'am.
>
> Q. Are you pleading guilty out of a sense of fear, duress or coercion?
>
> A. No, ma'am.
>
> Q. Are you leading guilty today because you are in fact guilty?
>
> A. Yes, ma'am.

(*Id.* at 21.) King does not acknowledge his prior testimony.

For the reasons previously stated, King's guilty plea was intelligent and voluntary. Defense counsel's recommendation that King plead guilty to the unlawful possession of a firearm that was found in his home was well within the bounds of reasonable professional assistance, and King suffered no prejudice by following that advice.

Claim 3 is without merit and is DISMISSED.

**D. The Allegedly Illegal Search (Claim 4)**

In Claim 4, King claims that the search of his residence was conducted in violation of the United States Constitution. (§ 2255 Mot. at PageID 8, *King v. United States,* No. 2:12-cv-02016-STA-dkv (W.D. Tenn.), ECF No. 1.) King explains that "[t]he search warrant was for cocaine, thus the weapon that was found, that did not belong to me should have been suppress [sic]." (*Id.*) King did not address Claim 4 in his legal memorandum.

The Supreme Court's decision in *Stone v. Powell*, 428 U.S. at 489-95, makes clear that Fourth Amendment issues ordinarily may not be raised on collateral review where, as here, the defendant had a full and fair opportunity to litigate the suppression issue prior to trial. *See also United States v. Johnson*, 457 U.S. 537, 562 n.20 (1982) ("After *Stone v. Powell*, 428 U.S. 465 (1976), the only cases raising Fourth Amendment challenges on collateral attack are those federal habeas corpus cases in which the State has failed to provide a state prisoner with an opportunity for full and fair litigation of his claim, analogous federal cases under 28 U.S.C. § 2255, and collateral challenges by state prisoners to their state convictions under postconviction relief statutes that continue to recognize Fourth Amendment claims."); *Boone v. United States*, No. 96-1398, 1996 WL 627760, at *2 (6th Cir. Oct. 29, 1996); *Richardson v. United States*, No. 93-6193, 1994 WL 194197, at *2 (6th Cir. May 16, 1994); *Kapsalis v. United States*, 345 F.2d 392, 394 (7th Cir. 1965). The proper time to raise a suppression issue was prior to the guilty plea.[9]

That King entered into a Plea Agreement with an appeal-waiver provision does not mean that he did not have a full and fair opportunity to litigate a suppression motion prior to the entry of judgment. The Sixth Circuit has held that an appeal waiver provision in a plea agreement bars review in a § 2255 motion or § 2241 petition of issues required to be raised on direct appeal. *Rivera v. Warden, FCI Elkton*, 27 F. App'x 511, 515 (6th Cir. 2001).

Because Claim 4 is not cognizable in a § 2255 Motion, it is DISMISSED.

---

[9] *Stone*'s restriction on federal habeas review of Fourth Amendment claims does not apply to ineffective assistance of counsel claims that are founded primarily on ineffective representation with respect to a Fourth Amendment issue. *Kimmelman v. Morrison*, 477 U.S. 365, 382-83 (1986). King has not argued that his attorney rendered ineffective assistance by failing to file a suppression motion.

Because every issue presented by Movant has been dismissed, his § 2255 Motion is DENIED. Judgment shall be entered for the United States.

## V.  APPEAL ISSUES

Twenty-eight U.S.C. § 2253(a) requires the district court to evaluate the appealability of its decision denying a § 2255 motion and to issue a certificate of appealability ("COA") "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also* Fed. R. App. P. 22(b).  No § 2255 movant may appeal without this certificate.

A COA may issue only if the petitioner has made a substantial showing of the denial of a constitutional right, and the COA must indicate the specific issue(s) which satisfy the required showing. 28 U.S.C. §§ 2253(c)(2) & (3).  A "substantial showing" is made when the movant demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotation marks and citation omitted); *see also Henley v. Bell*, 308 F. App'x 989, 990 (6th Cir. 2009) (per curiam) (same).  A COA does not require a showing that the appeal will succeed. *Miller-El*, 537 U.S. at 337; *Caldwell v. Lewis*, 414 F. App'x 809, 814-15 (6th Cir. 2011) (same).  Courts should not issue a COA as a matter of course. *Bradley v. Birkett*, 156 F. App'x 771, 773 (6th Cir. 2005).

There can be no question that the § 2255 Motion is time barred and that the issues raised are meritless for the reasons previously stated.  Because any appeal by Movant on the issues raised in his Amended § 2255 Motion does not deserve attention, the Court DENIES a certificate of appealability.

The Sixth Circuit has held that the Prison Litigation Reform Act of 1995, 28 U.S.C. §§ 1915(a)-(b), does not apply to appeals of orders denying § 2255 motions. *Kincade v. Sparkman*, 117 F.3d 949, 951 (6th Cir. 1997). Rather, to appeal *in forma pauperis* in a § 2255 case, and thereby avoid the appellate filing fee required by 28 U.S.C. §§ 1913 and 1917, the prisoner must obtain pauper status pursuant to Federal Rule of Appellate Procedure 24(a). *Kincade*, 117 F.3d at 952. Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis*, the prisoner must file his motion to proceed *in forma pauperis* in the appellate court. *See* Fed. R. App. P. 24(a) (4)-(5).

In this case, for the same reasons the Court denies a certificate of appealability, the Court determines that any appeal would not be taken in good faith. It is therefore CERTIFIED, pursuant to Federal Rule of Appellate Procedure 24(a), that any appeal in this matter would not be taken in good faith. Leave to appeal *in forma pauperis* is DENIED.[10]

IT IS SO ORDERED, this 30th day of March, 2015.


**s/ S. Thomas Anderson**
S. THOMAS ANDERSON
    UNITED STATES DISTRICT JUDGE

---

[10] If Movant files a notice of appeal, he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within 30 days.